IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET ODOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  3:18-cv-797-ECM |
| | ) | (WO) |
| ALABAMA COOPERATIVE | ) | |
| EXTENSION SYSTEM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| MELANIE ALLEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  3:18-cv-1027-ECM |
| | ) | (WO) |
| | ) | |
| ALABAMA COOPERATIVE | ) | |
| EXTENSION SYSTEM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On December 18, 2018, the Plaintiffs in *Allen v. Alabama Cooperative Extension System, et al.*, 3:18cv1027-GMB (M.D.Ala.) filed a motion to consolidate (doc. 9) with *Odom v. Alabama Cooperative Extension System, et al.*, 3:18cv797-ECM (M.D.Ala.).  No corresponding motion to consolidate was filed in *Odom*, *supra*.  The Defendants do not oppose consolidation for pretrial purposes including

discovery but filed a motion to bifurcate or sever the cases for trial. (Doc. 18). Upon review of the motion to consolidate, the motion to bifurcate, the complaints in these cases, and for good cause, the court concludes that because these cases involve common questions of law and fact, judicial economy is best served by consolidating these actions.

FED.R.CIV.P. 42 permits a district court to consolidate cases "[i]f actions before the court involve a common question of law or fact." *Id*. "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc*., 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks omitted). *See also Young v. Augusta, Ga*, 59 F.3d 1160, 1169 (11th Cir. 1995). In making the determination whether to consolidate these cases, the court considers

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factors and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense of all concerned of a single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir. 1982)).

The Plaintiffs in both cases allege claims of gender and age discrimination, gender based hostile work environment and violations of the Equal Pay Act. The Plaintiffs all name their common employer and the same individuals as the Defendants who have violated their civil rights. Each individually named defendant is an employee of the Alabama Cooperative Extension System, and was involved in the actions that form the bases of the Plaintiffs' claims. The parties are represented by the same attorneys in both cases. The actions are based on the same facts and involve the same claims. The same discovery will be relevant to both cases. At this juncture, the parties will not be prejudiced by consolidation. Because it is early in the litigation, the Court concludes that the motion to bifurcate trials is premature. Consequently, the motion to bifurcate will be denied without prejudice.

Accordingly, for the reasons as stated, the Court finds that judicial economy, efficiency, and convenience outweigh any risk of prejudice or confusion, and that consolidation is appropriate. Accordingly, it is

ORDERED as follows:

1.      That the motion to consolidate in *Allen v. Alabama Cooperative Extension Systems, et al.*, 3:18cv1027-ECM (M.D. Ala.) (doc. 9) be and is hereby GRANTED, and these cases be and are hereby CONSOLIDATED for all further proceedings.

2.     That *Odom v. Alabama Cooperative Extension Systems, et al.*, 3:18cv797-ECM (M.D. Ala.) be and is hereby DESIGNATED as LEAD case.

3.     The Clerk of the Court is DIRECTED to file a copy of this order in both cases referred herein.

4.     That the Defendants' motion to bifurcate or sever the cases for trial. (doc. 18) be and is hereby DENIED without prejudice.

DONE this 27th day of March, 2019.


                                   /s/ Emily C. Marks
                          EMILY C. MARKS
                          CHIEF UNITED STATES DISTRICT JUDGE