IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARGARET ODOM, | ) |
| Plaintiffs, | ) |
| v. | ) CASE NO. 3:18-cv-797-ALB |
| ALABAMA COOPERATIVE EXTENSION SYSTEM, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on motion by the Alabama Cooperative Extension System, Paul Brown, Kyle Kostelecky, Gary Lemme, and Stanley Windham ("Defendants") to dismiss a claim brought against them by Margaret Odom ("Plaintiff"). (Doc. 19). Although Plaintiff alleges four counts in her amended complaint, Defendants move to dismiss only Count II (age discrimination in violation of 29 U.S.C. 621). (Doc. 16 at 16-17). Upon consideration, Defendants' motion is due to be DENIED.

## BACKGROUND

The following allegations are taken from the amended complaint (Doc. 17) and will be taken as true for the purposes of this order.

Margaret Odom is a sixty-six-year-old female who began working for the Alabama Cooperative Extension System ("ACES") in 2002. ACES is an educational outreach organization that is administered by Alabama A&M University, Auburn University, and Tuskegee University. ACES provides educational programs in agriculture, forestry, consumer sciences, economic development, youth development, and urban affairs.[1] ACES has offices in 67 Alabama counties that are supported by Regional Extension Agents. In 2004, Odom became a Regional Extension Agent ("REA") in ACES's Family and Consumer Sciences ("FCS") Program.

In 2017, ACES announced a change to their management structure that would require all REAs from the FCS program to move to Auburn, Alabama. *See* Doc. 17 ¶17. Odom and others filed charges against ACES with the EEOC claiming the move would create prohibitively long commutes for employees that were disproportionately older and female. ACES changed its plans and instead required FCS REAs to oversee expanded territories. *See* Doc. 17 ¶20. Odom alleges that the changes to the plan are pretextual and that ACES is merely trying to force elderly women to quit. *See* Doc. 17 ¶22.

---

[1] About Us, Alabama Cooperative Extension System Blog, https://www.aces.edu/blog/category/about-us/ (last visited on February 6, 2020)

Count II of the complaint "avers that the Defendants Kostelecky, Brown, Lemme, and Windham, have discriminated against the Plaintiff due to her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq." Doc. 17 ¶57. Plaintiff asserts that she "is entitled to injunctive and equitable relief against the individual Defendants Kostelecky, Brown, Lemme, and Windham" and seeks "injunctive relief prohibiting the Defendants from continuing to subject the Plaintiff to age discrimination; and such further, other and different relief as this Court may deem appropriate and necessary." *See* Doc. 17 ¶58 & 59(a-b).

## **STANDARD**

When considering a motion to dismiss, the court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). There are two questions a court must answer before dismissing a complaint. First, the court must ask whether there are allegations that are no more than conclusions. If there are, they are discarded. Second, the court must ask whether there are any remaining factual allegations which, if true, could plausibly give rise to a claim for relief. If there are none, the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## **DISCUSSION**

Defendants filed a motion to dismiss Count II. Defendants do not contest the substance of Plaintiff's factual allegations or argue that those allegations fail to state a claim for age discrimination. Instead, Defendants raise four arguments about the request for relief incorporated in Count II. Although these arguments may have some merit at summary judgment or trial, none is a reason to dismiss Count II of the Amended Complaint.

First, Defendants argue that the Amended Complaint improperly brings an Age Discrimination Claim "via 42 U.S.C. § 1983." Doc. 19 ¶1 (quoting Doc. 17 ¶1). The quoted language comes from the introductory paragraph of the Amended Complaint, not Count II. For her part, Plaintiff disclaims any intent to bring an age discrimination claim under Section 1983. And the Amended Complaint does not mention Section 1983 in the substance of Count II itself. Accordingly, although this loose language may need to be removed from the introductory paragraph of the Amended Complaint, it is no basis to dismiss Count II.

Second, Defendants argue that Plaintiff cannot seek injunctive relief under Count II because (1) ACES has sovereign immunity as a state agency and (2) the individual defendants cannot be enjoined from committing conduct that has already occurred. Doc. 19 ¶¶ 1& 2. Plaintiff responds that (1) Count II is not brought against ACES and (2) she is seeking only prospective injunctive relief based on allegations

that the individual defendants are continuing to violate federal law. Plaintiff is correct. Count II of the Amended Complaint applies only to "Defendants Kostelecky, Brown, Lemme, and Windham," not ACES. Doc. 17 ¶57. And, in the factual allegations of the Amended Complaint, Plaintiff alleges that the individual defendants enforce various policies that "disproportionately and adversely affect an ACES program section composed of predominately older female employees" and "discriminate against older employees with many years of service to ACES." Doc. 17 ¶¶ 22 & 24. Although Plaintiff's terse, 2-page response to Defendants' motion should have more clearly addressed this issue, it is apparent that Plaintiff seeks prospective injunctive relief to stop the individual defendants from continuing to implement certain policies.

Third, Defendants argue that Plaintiff is seeking an impermissible "obey the law" injunction. *See* Doc. 19 ¶4. The Eleventh Circuit has repeatedly held that injunctions that broadly prohibit discrimination based on an immutable characteristic are overly vague and invalid. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that "to enjoin the City from discriminating on the basis of race in its annexation decisions…would do no more than instruct the City to "obey the law…[which] would not satisfy the specificity requirements of Rule 65(d)."); *Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 897 (5th Cir. 1978) (holding that such "obey the law injunctions cannot be sustained"). The

Court will not enter such an injunction. But it is not at all clear that the Amended Complaint is seeking that kind of injunction. Although Plaintiff should have more clearly addressed this issue in her response brief, it is apparent from that response that Plaintiff is seeking injunctive relief to stop the individual defendants from continuing to implement certain ACES policies. Rule 65(d)'s command that injunctions be specific does not warrant a dismissal at this stage.

Fourth, Defendants argue that Plaintiff cannot seek "[s]uch further, other and different relief as this Court may deem appropriate and necessary." *See* Doc. 19 at 2-4. Now is not the time to litigate over the specific kind of relief to which Plaintiff may be entitled *if* she is successful in establishing that the individual defendants are discriminating based on age. Whether Plaintiff is entitled to any relief under this request will need to be addressed after she has established discrimination. *See, e.g., Mancero-Ramirez v. City of Hoover, Alabama*, 2006 WL 8436600, at *4 (N.D. Ala. June 14, 2006)("A motion regarding the sufficiency of claims for injunctive relief would be more appropriate once all of the evidence is under submissions. In that context, the court can determine what specific conduct, if any, needs to be enjoined.").

## CONCLUSION

In light of the foregoing reasoning, Defendants' motion to dismiss is due to be and is **DENIED**.

**DONE** and **ORDERED** this 19th day of March 2020.

       /s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE